IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3028 |
| vs. | TENTATIVE FINDINGS |
| LEONARDO GONZALEZ-POR, | |
| Defendant. | |

The Court has received the modified presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 47) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

 (c) impose upon the United States the burden of proof on all Guidelines enhancements;

 (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

 (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report's assessment of a three-level enhancement to the offense level pursuant to U.S.S.G. § 2A2.4(b)(1) for the involvement of "physical contact" in the course of resisting detention. Filing 47. The defendant argues that the enhancement shouldn't apply because he was pulling away from the detaining officers, and didn't initiate the contact. *See* filing 47.

The Court agrees that if the defendant did not initiate any physical contact with officers—that is, if all of the physical contact was victim-initiated—the enhancement would not apply. *United States v. McKeiver*, 982 F. Supp. 848, 849 (M.D. Fla. 1997), *aff'd*, 158 F.3d 587 (11th Cir. 1998). The Court will hear evidence on this matter, as necessary. And if the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as

the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this issue on the evidence presented at sentencing. How this matter affects the Fed. R. Crim. P. 11(c)(1)(C) plea agreement, if at all, will be taken up at sentencing.[1]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are

---

[1] The Court notes the defendant's argument that should the government agree with the presentence report, it would breach the plea agreement, because the three-level enhancement puts the Guidelines range above the 6-month maximum sentence the parties agreed to pursuant to Rule 11(c)(1)(C). Filing 47. The Court disagrees: the plea agreement sets forth a stipulated factual basis for the offense, and the parties' agreement that "the defendant shall receive a sentence of no more than 6 months." Filing 32 at 2-4. But it doesn't speak to the offense level, any enhancements, or the Guidelines range. *See* filing 32. There is nothing inconsistent about supporting an enhancement *and* a downward variance to accept the plea agreement, and the government doesn't breach a plea agreement by advocating for a particular enhancement when that enhancement was not an issue agreed to or specifically listed in the plea agreement. *United States v. Quebedo*, 788 F.3d 768, 775-76 (8th Cir. 2015); *see United States v. Pierre*, 912 F.3d 1137, 1142-43 (8th Cir. 2019).

required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 31st day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge